THOMAS, Judge,
concurring specially.
I concur fully in the main opinion. I write specially to point out the inequitable result created by the current state of the law regarding the compensation of conservators and guardians of incapacitated persons.
Section 26-2A-142(c), Ala.Code 1975, provides that
“if the assets of the estate in a protective proceeding or in a guardianship proceeding are not sufficient to provide reasonable compensation and pay court costs as permitted in subsections (a) and (b), the compensation of any guardian ad litem, court representative, or physician appointed by the court and court costs associated with the petition or motion may be taxed by the court with regard to any particular petition or motion presented to the court to the petitioner as additional costs to the petitioner.”
Conservators and guardians are notably absent from the list of persons in § 26-2A-142(c) whose compensation can be taxed to the petitioner when the assets of the estate of the protected person are insufficient to provide reasonable compensation. Thus, in a case such as this one, where the estate of the protected person is insufficient to compensate the guardian or conservator, the persons acting in those roles are left without any means of being compensated for their representation of the protected person. Such a result could act to discourage individuals from seeking or accepting the role of conservator or guardian, potentially leaving persons in need of protection without proper representation.
Accordingly, I urge the legislature to amend § 26-2A-142(c) to provide for the reasonable compensation of conservators and guardians to be taxed to the petitioner in cases where the estate of the protected person is insufficient, providing for their compensation in the same manner as the current statute provides for the compensation of guardians ad litem, court representatives, and physicians.